**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHELLE R. PHILLIPS,**

    **Plaintiff,**

vs.

    Civil Action 2:09-cv-646
    Judge Algenon L. Marbley
    Magistrate Judge E. A. Preston Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**OPINION AND ORDER**

Plaintiff, Michelle R. Phillips, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits. This matter is before the Court for consideration of Plaintiff's June 24, 2010 Objections (Doc. 21) to the United States Magistrate Judge's June 21, 2010 Report and Recommendation (Doc. 20), recommending that the Court affirm the decision of the Commissioner denying benefits. For the reasons stated below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. Accordingly, the Commissioner's decision is **AFFIRMED.**

**I.**

Plaintiff alleges that she became disabled at the age of 24 from anxiety. On May 24, 2005, Plaintiff filed her application for disability insurance benefits. Although Plaintiff alleges

that her disability started in 2002, all of the relevant medical records were generated after Plaintiff filed her application for disability insurance benefits in 2005.

On August 26, 2005, Plaintiff saw psychologist Dr. White in connection with her application.  Dr. White diagnosed Plaintiff with major depressive disorder, recurrent, moderate; and generalized anxiety disorder.  With regard to Plaintiff's functionality, Dr. White opined that:

> Ms. Phillips' ability to maintain attention, concentration, persistence, and pace to perform simple, repetitive tasks is mildly impaired due to depression and anxiety. Her ability to understand, remember, and follow instructions is not impaired. Her ability to relate to others, including fellow workers and supervisors is mildly impaired due to depression and anxiety. Ms. Phillips' ability to withstand the stress and pressures associated with day-to-day work activity is mild to moderately impaired due to depression and anxiety.

(R. at 124.)

On October 6, 2005, Plaintiff saw psychiatrist Dr. Rukseniene.  After this visit, but before any further visits, Dr. Rukseniene completed a Psychiatric Review Technique Form and a Statement of Impairment Severity Form, offering her opinion of Plaintiff's functionality.  In this opinion, Dr. Rukseniene diagnosed Plaintiff with major depression, recurrent; post-traumatic stress disorder ("PTSD"); and avoidant personality disorder.  She also noted that she was "unable to evaluate" Plaintiff's response to treatment, which included prescription anti-depressant medication.  Nevertheless, Dr. Rukseniene opined that Plaintiff would miss more than four days of work per month due to her impairments.  She further opined that Plaintiff had fair to no ability in various work-related mental functions; had extreme limitations in her activities of daily living, her ability to maintain social functioning, and her ability to maintain concentration, persistence or pace; and experienced continual episodes of decompensation of extended duration.

On June 9, 2008, Plaintiff saw osteopath and family medical specialist Dr. Clay. Plaintiff reported that her "nerves are bad" and that she had run out of medicine. (R. at 183.) Dr. Clay diagnosed Plaintiff with agoraphobia with panic/obsessive-compulsive disorder; major depressive disorder; and PTSD. (R. at 184.) He prescribed medication and continued counseling. (*Id.*)

The administrative law judge ("ALJ") rendered his decision in Novermber 2007. He determined that Plaintiff's only severe impairment was social phobia. He also concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but that she could not have public contact and no more than superficial contact with supervisors, co-employees, and the general public. Based upon his finding that jobs exist in significant numbers that Plaintiff could perform, the ALJ concluded that she was not disabled under the Social Security Act.

In her Statement of Errors, Plaintiff asserted that the ALJ erred in finding that Plaintiff's only severe impairment is social phobia and, in making this finding, rejecting the opinions of Drs. Ruseniene, Clay, and White. The Magistrate Judge, in her Report and Recommendation, concluded that the ALJ did not err in failing to find additional severe impairments or in the weight the ALJ assigned to the opinions of Drs. Ruseniene, Clay, and White. In her Objections, Plaintiff re-asserts these same arguments. She also asserts that the ALJ erred in failing to consider the diagnoses of depression, PTSD, and panic disorder.

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.' " *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.' " *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, " 'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.' " *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

**III.**

Plaintiff's assertion that the ALJ should have found additional severe impairments is premised upon her contention that the ALJ should have afforded greater weight to the opinions of Drs. Rukseniene, Clay, and White. Plaintiff also asserts that the ALJ erroneously ignored these doctors' diagnoses. Thus, the issues before the Court are whether the ALJ erred in failing to consider and assign greater weight to the opinions and diagnoses of Drs. Rukseniene, Clay, and White.

The Magistrate Judge analyzed the appropriateness of the weight the ALJ assigned to Dr. Rukseniene as follows:

> The ALJ considered Dr. Rukseniene's RFC assessment, but gave it "very little weight." (R. at 17.) The ALJ reasoned that Dr. Rukseniene issued her opinion without the benefit of recent medical evidence. (*Id*.) Plaintiff contends that the ALJ erred by not affording controlling weight to Dr. Rukseniene's opinion. Although Plaintiff characterizes Dr. Rukseniene as a "treating physician," the undersigned finds this characterization unpersuasive for purposes of determining the appropriate weight to assign Dr. Rukseniene's RFC assessment. Regardless, even if Dr. Rukseniene were considered a treating physician, the undersigned concludes that the ALJ's failure to give her opinion controlling weight is not reversible error.
>
> As set forth above, to qualify as a treating source, the physician must have an "ongoing treatment relationship" with the claimant. 20 C.F.R. § 404.1502. A Court must determine whether or not an ongoing treatment relationship exists at the time the physician's opinion is rendered. *Kornecky v. Comm'r of Soc. Sec.*, No. 04-2171, 167 Fed. Appx. 496, 506 (6th Cir. Feb. 9, 2006) ("[T]he relevant inquiry is . . . whether [claimant] had the ongoing relationship with [the physician] *at the time he rendered his opinion*. . . . [V]isits to [the physician] *after* his RFC assessment could not retroactively render him a treating physician at the time of the assessment."); *see also Yamin v. Comm'r of Soc. Sec.*, 67 Fed. Appx. 883, 885 (6th Cir. 2003) ("These two examinations did not give [the physician] a long term overview of [the claimant's] condition."). This is because "the rationale of the treating physician doctrine simply does not apply" where a physician issues an opinion after a single examination. *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

>   Here, Dr. Rukseniene offered her opinion of Plaintiff's functionality after Plaintiff's initial October 6, 2005 visit and before any subsequent visits. Although Plaintiff saw Dr. Rukseniene twice more, Plaintiff did not seek to supplement the record with an opinion from Dr. Rukseniene that was based on those subsequent visits. Consequently, these subsequent visits do not qualify Dr. Rukseniene as a treating source. *See Kornecky*, 167 Fed. Appx. at 506. Accordingly, the undersigned concludes that Dr. Rukseniene's opinion was not entitled to the controlling weight afforded to treating sources.
>
>   Nevertheless, even if Dr. Rukseniene qualified as a § 404.1502 treating source, the undersigned still finds that the ALJ's refusal to give her opinion controlling weight is not reversible error because the ALJ has supplied good reasons for rejecting it. First, the ALJ notes that Dr. Rukseniene offered her functionality opinion without the benefit of recent medical evidence. (R. at 17.) The ALJ supplied specific examples of recent medical evidence that Dr. Rukseniene did not consider. (*Id.*) In addition, the ALJ noted that Plaintiff described different symptoms to Dr. White, namely, that she had no difficulty with activities of daily living, and that this conclusion contradicted Dr. Rukseniene's opinion that Plaintiff's condition was so severe that she was extremely limited in various work-related mental functions. (R. at 13, 17.) Finally, the ALJ further noted that Plaintiff received GAF scores of 58 and 60, which are inconsistent with Dr. Rukseniene's opinion that Plaintiff had no to poor abilities in those areas. (*Id.*) Indeed, Dr. Rukseniene assigned Plaintiff a GAF score of 55, which contradicts her contemporaneous opinion that Plaintiff had poor to no functional abilities. (*See* R. at 150.)

(Report and Recommendation 15–17.)

Next, the Magistrate Judge analyzed the appropriateness of the weight the ALJ assigned to Dr. Clay as follows:

>   The ALJ considered Dr. Clay's treatment notes from Plaintiff's June 9, 2006 office visit. (R. at 14.) There is no evidence, however, that Dr. Clay offered any opinion as to Plaintiff's functionality or the severity of her conditions. (*See* R. at 183–84.) Instead, Dr. Clay simply offered his diagnoses and treatment recommendations. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of [the condition] . . . says nothing about the severity of the condition." (citation omitted)). Further, it appears that his diagnoses are premised entirely upon Plaintiff's subjective complaints. (*See* R. at 183–84.) Even if Dr. Clay had offered an opinion relevant to the ALJ's RFC determination, however, his opinion would not be entitled to deference because he does not qualify as a treating source. Like Dr. Rukseniene, Dr. Clay did not have an ongoing relationship with Plaintiff. He saw Plaintiff for just a single office visit.

>   Accordingly, the undersigned finds that the ALJ did not commit reversible error with regard to the weight he gave to Dr. Clay's opinion.

(*Id*. at 17.)

Finally, the Magistrate Judge analyzed the appropriateness of the weight the ALJ assigned to Dr. White as follows:

>   The ALJ considered Dr. White's opinion, but gave it "very little weight." (R. at 17.) The ALJ explained that like Dr. Ruseniene, Dr. White rendered his opinion without the benefit of recent medical evidence. (*Id*.) Plaintiff objects to the weight the ALJ afforded to Dr. White's functionality opinion.
>
>   Plaintiff fails to assert a legal or factual basis for her objection. It is undisputed that Dr. White is not a treating source. Thus, his opinion is not entitled to deference. Plaintiff neglects to specify the weight she contends that the ALJ should have afforded to Dr. White's opinion. Further, it does not appear that Dr. White's determinations concerning the effects of Plaintiff's condition on work-related activities undermine the ALJ's RFC determination. For example, Dr. White assigned Plaintiff a GAF score of 58. (R. at 123.) He further opined that Plaintiff's condition either did not impair or caused only mild impairment of various work-related activities. (R. at 124.) Accordingly, the undersigned finds that the ALJ did not commit reversible error by assigning "very little weight" to Dr. White's opinion.

(*Id*. at 17–18.)

Upon *de novo* review of the record, the Court agrees with the Magistrate Judge's analysis and conclusions regarding the ALJ's assignment of weight to Drs. Rukseniene, Clay, and White. In addition, the Court rejects Plaintiff's assertion that the ALJ erroneously failed to consider Plaintiffs' diagnoses of major depression, PTSD, and panic disorder. As the Magistrate Judge indicated, the ALJ considered the opinions and diagnoses of Drs. Rukseniene, Clay, and White. Further, the ALJ explicitly references these diagnoses in his decision. (R. at 12, 13, 14.)

Accordingly, Plaintiff's objections to the Report and Recommendation are not well-taken

and are **OVERRULED**.

### IV.

The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the ALJ's determination that Plaintiff is not disabled, as defined in the Social Security Act. Accordingly, the Court **OVERRULES** Plaintiff's Objections (Doc. 21) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 20). The Commissioner's decision is **AFFIRMED,** and this action is **DISMISSED**.

The Clerk shall enter final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

             s/Algenon L. Marbley
             **ALGENON L. MARBLEY**
             **UNITED STATES DISTRICT COURT**

**DATED: September 21, 2010**